UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

NOEL MARTIN AND JAHMELL BALDWIN,

                                  Plaintiffs,

         -against-

THE METROPOLITAN TRANSIT AUTHORITY, METROPOLITAN TRANSIT AUTHORITY POLICE DEPARTMENT, PATROL OFFICER MIKE MATRISCIANO, Badge # 02516, PATROL OFFICER CHARLES SPAHR, Badge # 2542 PATROL OFFICER NOBOA, Badge # 2584, PATROL OFFICER THOMPSON, Badge # 2568, PATROL OFFICER MORRIS, Badge # 2087, PATROL OFFICER JACKSON, Badge # 2394, PATROL OFFICER TIRADO, Badge # 2512, LIEUTENANT HOUSER, Badge # 41, DETECTIVE EDWIN RUIZ, Badge # 1032,

                                  Defendants.

------------------------------------------------------------------ X

**11 CV 2019 (JG) (ALC)**

**AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

## PRELIMINARY STATEMENT

1. This is a civil rights action to recover money damages arising out of defendants' violation of plaintiffs' rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiffs, while lawfully present waiting for a train in the Long Island Railroad terminal of Pennsylvania Station at 1 Penn Plaza in the County and State of New York were subject to improper stops, and were unlawfully arrested by Metropolitan Transit Authority Police Officers. Additionally, Metropolitan Transit Authority Police Officers, assaulted, battered, and used excessive force against plaintiffs prior to

and during the course of the arrests. Plaintiffs were deprived of their constitutional and common law rights when the individual defendants unlawfully confined plaintiffs, caused the unjustifiable arrests of plaintiffs, used excessive force against plaintiffs, and assaulted and battered plaintiffs.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331, 1342 (3) and (4) and the aforementioned statutory and constitutional provisions.

3. The plaintiffs further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gave rise to the federally based claims and causes of action.

## VENUE

4. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) because one or more of the defendants are subject to personal jurisdiction in the Eastern District of New York, and have contacts sufficient to subject them to personal jurisdiction in the Eastern District of New York.

## PARTIES

5. Plaintiff Noel Martin is a citizen of the United States and a resident of the County of Nassau, and State of New York.

6. Plaintiff Jahmell Baldwin is a citizen of the United States and a resident of the County of Nassau, and State of New York.

7. The individually named defendants, were and are at all times relevant herein officers, employees, and agents of the Metropolitan Transit Authority Police Department.

8. The individually named defendants are being sued in their individual capacity and official capacity.

9. At all times relevant herein, the individually named MTA police officer defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the Metropolitan Transit Authority Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the Metropolitan Transit Authority Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the Metropolitan Transit Authority Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the Metropolitan Transit Authority Police Department.

10. Defendant Metropolitan Transit Authority ("MTA") is a public benefit corporation created pursuant to Section 1264 of the Public Authorities Law o the State of New York. Defendant MTA has established and maintains a Police Department as a constituent department or agency of the MTA.

11. Defendant MTA provides and maintains Defendant Metropolitan Transit Authority Police Department and a uniformed authority police force for all MTA owned, occupied, and/or operated facilities, and those of its subsidiary corporations.

12. The defendants MTA and MTA Police Department assume the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the MTA Police Department.

## STATEMENT OF FACTS

13. On July 5, 2010, at approximately 4:30 a.m., plaintiffs, Noel Martin and Jahmell Baldwin, were lawfully waiting for their train inside of the Long Island Railroad terminal of Pennsylvania Station located at 1 Pennsylvania Plaza in the County and State of New York.

14. At approximately 4:30 a.m., the individually named defendant MTA Police Officers, illegally seized, assaulted, battered, and subjected plaintiff Noel Martin to excessive force, without cause or justification.

15. The individually named Defendant MTA Police Officers, surrounded plaintiff Noel Martin without reasonable suspicion or probable cause, despite the fact that the police officers did not observe plaintiff violate any law.

16. The defendant MTA Police Officers, grabbed plaintiff Noel Martin, twisted his arms, kicked his legs, punched him in the face, slammed his face on the ground, and placed excessively tight handcuffs on his wrists without probable cause or justification.

17. Plaintiff Noel Martin asked for the excessively tight handcuffs to be loosened, but the defendants refused to loosen the handcuffs.

18. Those defendant officers who did not touch plaintiff Noel Martin, failed to protect him from the other officers' actions.

19. Plaintiff Noel Martin was arrested by the defendant police officers without probable cause.

20. At no time did plaintiff Noel Martin resist being arrested.

21. Thereafter, plaintiff Noel Martin was taken to a holding cell within Pennsylvania Station.

22. Plaintiff Noel Martin was arraigned at approximately 11:30 p.m. on July 5, 2011.

23. Based upon the defendant police officers' false representations and lies to the Manhattan District Attorney's Office, Plaintiff Noel Martin was charged with Disorderly Conduct (PL 240.20(3), Obstruction of Governmental Administration (PL 195.05), and Resisting Arrest (PL 205.30).

24. All charges against plaintiff Noel Martin were dismissed on or about September 29, 2010.

25. Plaintiff Noel Martin sought medical treatment at Mercy Hospital, located in the County of Nassau and State of New York, where he was treated for, amongst other things, injuries to his wrist and neck.

26. At approximately 4:30 a.m., the individually named defendant MTA police officers, including MTA Police Officer Mike Matrisciano, MTA Police Officer Charles Spahr and MTA Police Officers John Does # 1-8, also illegally seized, assaulted, battered, and subjected plaintiff Jahmell Baldwin to excessive force, without cause or justification, despite the fact that the MTA police officers did not observe plaintiff violate any law.

27. The individually named Defendant MTA Police Officers suddenly grabbed plaintiff Jahmell Baldwin and threw him to the floor.

28. As a result of the excessive force used by the Defendant MTA Police Officers, plaintiff Jahmell Baldwin's head was slammed against the ground which, in turn, caused plaintiff's tooth to become loose.

29. Plaintiff, Jahmell Baldwin did not resist being arrested in any way.

30. The individually named MTA Police Officer defendants pressed their knees into plaintiff Baldwin's back in an excessively rough way and twisted plaintiff Baldwin's arms causing ongoing pain to plaintiff Baldwin's back.

31. Plaintiff, Jahmell Baldwin was escorted to the MTA Police Station location inside Pennsylvania Station and was chained to a bench.

32. Plaintiffs were both searched without reasonable suspicion or probable cause when they were brought to the MTA Police Station.

33. Plaintiff, Jahmell Baldiwn was arrested by the defendant MTA police officers without probable cause.

34. Plaintiff Jahmell Baldwin was arraigned at approximately 11:30 p.m. on July 5, 2011.

35. Based upon the defendant police officers' false representations and lies to the District Attorney's Office, Plaintiff Jahmell Baldwin was charged with Disorderly Conduct (PL 240.20(3), and Resisting Arrest (PL 205.30).

36. Plaintiff Jahmell Baldwin was given an adjournment in contemplation of dismissal on or about February 7, 2011.

37. Thereafter, Plaintiff Jahmell Baldwin sought medical treatment for his loose tooth.

38. The false arrest, false imprisonment, assaults, batteries, and excessive force used against plaintiffs by the individually named MTA police officer defendants caused plaintiffs to sustain psychological and emotional trauma. Moreover, the excessive force used by defendants, and the assault and battery to plaintiffs, by the individually named police officer defendants caused plaintiffs to sustain physical, psychological and emotional trauma.

39. A notice of claim was timely served on the MTA and at least thirty days have elapsed since the service of such notice and adjustment and/or payment has been neglected and/or refused.

## FIRST CAUSE OF ACTION

## Violation of Plaintiff's Fourth Amendment and Fourteenth Amendment Rights

40. The plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs marked 1 through 39 with the same force and effect as if more fully set forth at length herein.

41. The individually named MTA police officer defendants were acting in concert and within the scope of their authority, arrested and caused plaintiffs to be imprisoned without probable cause in violation of plaintiffs' right to be free of an unreasonable seizure under the Fourth Amendment of the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

## SECOND CAUSE OF ACTION

## False Arrest and False Imprisonment

42. The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 41 with the same force and effect as if more fully set forth at length herein.

43. The acts and conduct of the defendants constitute false arrest and false imprisonment under the laws of the State of New York and under the Fourth Amendment to the United States Constitution. Defendants intended to confine plaintiffs and, in fact, confined

plaintiffs, and plaintiffs were conscious of the confinement. In addition, plaintiffs did not consent to the confinement and the confinement was not otherwise privileged.

44. The individually named MTA police officer defendants were at all times agents, servants, and employees acting within the scope of their employment by the MTA and the MTA Police Department, which are therefore responsible for their conduct.

45. The MTA and the MTA Police Department, as the employers of the MTA police officer defendants, are responsible for their wrongdoing under the doctrine of respondeat superior.

46. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## THIRD CAUSE OF ACTION

### Violation of Plaintiff's Fourth And Fourteenth Amendment Rights

47. The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 46 with the same force and effect as if more fully set forth at length herein.

48. The use of excessive force by the individually named defendant MTA Police Officers in punching, pushing, tackling, and striking plaintiffs were objectively unreasonable physical seizures of plaintiffs in violation of their rights under the Fourth Amendment to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

## FOURTH CAUSE OF ACTION

### Assault

49. The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 48 with the same force and effect as if more fully set forth at length herein.

50. The individually named MTA Police Officer Defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully and maliciously assaulted plaintiffs in that he had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the plaintiffs, and that such acts caused apprehension of such contact in the plaintiffs.

51. The individually named MTA Police Officer Defendants were at all times agents, servants, and employees acting within the scope of their employment by the MTA and the MTA Police Department, which are therefore responsible for their conduct.

52. The MTA and the MTA Police Department, as the employers of defendants, are responsible for their wrongdoing under the doctrine of respondeat superior.

53. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## FIFTH CAUSE OF ACTION

### Battery

54. The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 53 with the same force and effect as if more fully set forth at length herein.

55. The individually named MTA Police Officer Defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully and maliciously battered plaintiffs, when they, in a hostile and/or offensive manner struck plaintiffs without their consent and with the intention of causing harmful and/or offensive bodily contact to the plaintiffs and caused such battery.

56. The individually named MTA Police Officer Defendants were at all times agents, servants, and employees acting within the scope of their employment by the MTA and the MTA Police Department, which are therefore responsible for their conduct.

57. The MTA and the MTA Police Department, as the employers of Defendants, are responsible for their wrongdoing under the doctrine of respondeat superior.

58. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## SIXTH CAUSE OF ACTION

### Negligent Hiring, Retention, Training and Supervision

59. The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 58 with the same force and effect as if more fully set forth at length herein.

60. The MTA and the MTA Police Department and their employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise the individually named MTA police officer defendants, individuals who were unfit for the performance of police duties on July 5, 2010, at the aforementioned location.

61. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## SEVENTH CAUSE OF ACTION

### Failure to Intervene

62. The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 61 with the same force and effect as if more fully set forth at length herein.

63. The individually named MTA police officer Defendants had an affirmative duty to intervene on behalf of plaintiffs, whose constitutional rights were being violated in their presence by other officers.

64. Defendants failed to intervene to prevent the unlawful conduct described herein.

65. As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, they were put in fear of their safety, they were physically injured, and they were humiliated and subject to other physical constraints.

66. The individually named Defendant MTA Police Officers were at all times agents, servants, and employees acting within the scope of their employment by the MTA and the MTA Police Department, which are therefore responsible for their conduct.

67. The MTA and the MTA Police Department, as the employers of the officer defendants, are responsible for their wrongdoing under the doctrine of respondeat superior

68. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## EIGHTH CAUSE OF ACTION

### Negligence

69. The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 68 with the same force and effect as if more fully set forth at length herein.

70. Defendants owed a duty of care to plaintiffs.

71. Defendants breached that duty of care by falsely arresting, falsely imprisoning, assaulting, battering, and using excessive force against plaintiffs.

72. As a direct and proximate cause of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

73. All of the foregoing occurred without any fault or provocation by plaintiffs.

74. The MTA and MTA Police Department, as the employers of the officer defendants, are responsible for their wrongdoing under the doctrine of respondeat superior.

75. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## NINTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

76. The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 75 with the same force and effect as if more fully set forth at length herein.

77. By the actions described herein, the individually named MTA police officer defendants, each acting individually and in concert with each other, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which negligently caused severe emotional distress to plaintiffs Noel Martin and Jahmell Baldwin. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiffs and violated plaintiffs' statutory and common law rights as guaranteed plaintiffs by the laws and Constitution of the State of New York.

78. As a result of the foregoing, plaintiffs were deprived of liberty and sustained great emotional injuries.

79. The MTA and MTA Police Department, as the employers of the officer defendants, are responsible for their wrongdoing under the doctrine of respondeat superior.

80. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## TENTH CAUSE OF ACTION

### Unlawful Stops

81. The plaintiffs repeats, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 80 with the same force and effect as if more fully set forth at length herein.

82. The conduct of defendants in stopping plaintiffs were performed under color of law and without any reasonable suspicion of criminality or other constitutionally required grounds.

83. As a direct and proximate result of such acts, defendants deprived plaintiffs of their Fourth and Fourteenth Amendment rights in violation of 42 U.S.C. §1983.

84. As a result of the aforementioned conduct of defendants, plaintiffs Noel Martin and Jahmell Baldwin sustained injuries.

85. Defendants collectively and individually, while acting under color of state law were directly and actively involved in violating plaintiffs' constitutional rights.

86. The individually named police officer defendants were at all times agents, servants, and employees acting within the scope of their employment by the MTA and the MTA Police Department, which are therefore responsible for their conduct.

87. The MTA and the MTA Police Department, as the employers of the officer defendants, are responsible for their wrongdoing under the doctrine of respondeat superior.

88. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## JURY DEMAND

89. Plaintiffs hereby demand trial by jury of all issues properly triable thereby.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs prays for relief as follows:

That the jury find and the Court adjudge and decree that plaintiffs Noel Martin and Jahmell Baldwin shall recover compensatory damages in the sum of $2,000,000 against the individual defendants, The Metropolitan Transit Authority, and the Metropolitan Transit Authority Police Department, jointly and severally, together with interest and costs; and punitive damages in the sum of $2,000,000 against the individual defendants, jointly and severally.

    a.    That the plaintiffs recover the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. § 1988.

    b.    That the plaintiffs have such other and further relief as the Court shall deem just and proper.

Dated:    New York, New York
             August 31, 2011

By: _____
STUART E. JACOBS, ESQ.
JACOBS & HAZAN, LLP
Attorney for Plaintiffs
22 Cortlandt Street, 16th Floor
New York, NY 10007
(212) 419-0363